

**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS

Natalie D. Thompson  
Assistant Solicitor General

(512) 936-1820  
Natalie.Thompson@oag.texas.gov

July 14, 2022

**Via CM/ECF**

Lyle W. Cayce  
Clerk of Court  
United States Court of Appeals  
Fifth Circuit  
600 S. Maestri Place  
New Orleans, LA 70130-3408

**Re:   No. 21-40750,** *Richard Devillier; Wendy Devillier; Steven Devillier; Rhonda Devillier; Barbara Devillier; et al v. State of Texas*

Dear Mr. Cayce:

Appellants respectfully submit this response to Appellees' June 30, 2022, Rule 28(j) letter.

Appellees contend that *Torres v. Texas Department of Public Safety*, No. 20-603 (U.S. June 29, 2022), supports their argument that Texas waived its sovereign immunity for Fifth Amendment claims in the plan of the Convention. *Torres* found "structural waiver" based on the war powers clauses of Article I, Section 8. Slip op. 3–4, 7–8. The Supreme Court concluded that "[t]he States ultimately ratified the Constitution knowing that their sovereignty would give way to national military policy." Slip op. 9. For at least three reasons, *Torres* does not help Appellees.

*First*, the Fifth Amendment was not part of the Constitution that the States ratified, and its just-compensation requirement did not apply to the States until a century later. *See* Reply 4–6, 14–15.

*Second*, *Torres* is inapposite because the Fifth Amendment is not a "federal power[] that give[s] rise to . . . structural inferences" about the relationship between federal and state power, which was the issue under consideration in *Torres*. Slip. op. 13. Therefore, the Fifth Amendment does not fit any of the factors for determining whether a federal power is "complete in and of itself" such that it constitutes a

Page 2

"structural waiver"—namely, a power that is "expressly denied to the States, or operates for the benefit of the entire Nation, or proves . . . essential to the survival of the Union." *Id.* And unlike the federal government's exercise of its war powers, *id.* 9–10, no early history supports private Fifth Amendment suits against States for takings.

*Third*, *Torres* involved the States' immunity from suit. Slip op. 1. That is different from the state-law immunity from liability at issue here. *See* Appellant's Br. 7–9; Reply 4.

*Fourth*, *Torres* does not solve Appellees' no-cause-of-action problem. It involved a federal statute that undisputedly creates a private cause of action for damages against States. Slip op. 1. There is no such federal statute here. *See* Appellant's Br. 14, 17; Reply 17.

Respectfully submitted.

/s/ Natalie D. Thompson

Natalie D. Thompson
Assistant Solicitor General

## Certificate of Service

On July 14, 2022, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Natalie D. Thompson  
Natalie D. Thompson

## Certificate of Compliance

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because it contains 344 words, excluding the parts of the brief exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Natalie D. Thompson  
Natalie D. Thompson