No. 21-40750

# In the United States Court of Appeals for the Fifth Circuit

RICHARD DEVILLIER; WENDY DEVILLIER; STEVEN DEVILLIER;
RHONDA DEVILLIER; BARBARA DEVILLIER; ET AL,

*Plaintiffs-Appellees*,

*v.*

STATE OF TEXAS,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Southern District of Texas, Galveston Division

## DEFENDANT-APPELLANT THE STATE OF TEXAS'S PETITION FOR REHEARING EN BANC

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

JUDD E. STONE II
Solicitor General

BENJAMIN D. WILSON
Deputy Solicitor General

NATALIE D. THOMPSON
Assistant Solicitor General
Natalie.Thompson@oag.texas.gov

Counsel for the State of Texas

# Certificate of Interested Persons

No. 21-40750

Richard Devillier; Wendy Devillier; Steven Devillier; Rhonda Devillier; Barbara Devillier; et al.,

*Plaintiffs-Appellees,*

*v.*

State of Texas,

*Defendant-Appellant.*

Under the fourth sentence of Fifth Circuit Rule 28.2.1, appellant, as a governmental party, need not furnish a certificate of interested persons.

/s/ Natalie D. Thompson

Natalie D. Thompson
*Counsel of Record for*
*Defendant-Appellant*

# Rule 35(b)(1) Statement

Plaintiffs brought Fifth Amendment takings claims against the State of Texas. The panel correctly held that "the Fifth Amendment Takings Clause as applied to the states through the Fourteenth Amendment does not provide a right of action for takings claims against a state." Slip Op. at 1–2. But the panel opinion then made two errors. First, it treated the lack of a cause of action as a jurisdictional defect that deprived the district court of subject-matter jurisdiction. That contradicts decades of precedent from the Supreme Court and this one. *See, e.g.*, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *ACS Recovery Servs., Inc. v. Griffin*, 723 F.3d 518, 523 (5th Cir. 2013) (en banc).

Second, the panel ordered the district court to remand the case to state court even though there are additional federal causes of action still pending in the district court. These claims were not part of this permissive interlocutory appeal, but they independently support federal-question jurisdiction (and supplemental jurisdiction over plaintiffs' state-law takings claims). Requiring their remand ignores the well-established principle that a single federal claim gives rise to federal subject-matter jurisdiction. That principle is recognized in myriad decisions of the Supreme Court and this one. *See, e.g.*, *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (1997); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983); *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010). Yet the panel held that the district court must remand the case, including the as-yet unadjudicated federal claims, to state court. And, although district courts ordinarily

have discretion to exercise supplemental jurisdiction over state law claims even after federal claims are dismissed, *see City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–74 (1997), the opinion takes that discretion away from the district court. The panel opinion's is a novel holding unsupported by precedent, and it threatens confusion for district courts and litigants throughout the circuit.

Review by the full Court is necessary to secure and maintain uniformity in the Court's decisions. The Court should grant review to restore the longstanding doctrine that federal jurisdiction is not destroyed by a plaintiff's failure to state a federal claim and to recognize that even if one claim does not give rise to federal jurisdiction (though the plaintiffs' Fifth Amendment takings claims did), a district court continues to have jurisdiction over other federal claims under section 1331.

# TABLE OF CONTENTS

Page

Certificate of Interested Persons ........................................................... i

Rule 35(b)(1) Statement ...................................................................... ii

Table of Authorities ........................................................................... v

Issues Presented .................................................................................. 1

Statement of Facts and Course of Proceedings ................................... 1

Argument ............................................................................................. 4

    I.   The Lack of a Cause of Action is Not a Jurisdictional Defect. .................... 5

    II.  There Are Other Federal Claims Pending Below, But the Panel
        Ordered the District Court to Remand the Case to State Court. ................ 8

Conclusion ......................................................................................... 10

Certificate of Service .......................................................................... 11

Certificate of Compliance .................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases:**

*ACS Recovery Servs., Inc. v. Griffin,*
723 F.3d 518 (5th Cir. 2013) (en banc) ........................................... ii, 5

*Alexander v. Sandoval,*
532 U.S. 275 (2001) ............................................................................ 4

*Azul-Pacifico, Inc. v. City of L.A.,*
973 F.2d 704 (9th Cir. 1992) ............................................................. 5

*Bd. of Tr. of Univ. of Ala. v. Garrett,*
531 U.S. 356 (2001) ............................................................................ 4

*Bell v. Hood,*
327 U.S. 678 (1946) ..................................................................... 5, 7, 8

*Chicago, B. & Q.R. Co. v. City of Chicago,*
166 U.S. 226 (1897) ............................................................................ 4

*City of Chicago v. Int'l Coll. of Surgeons,*
522 U.S. 156 (1997) ................................................................. ii, iii, 9

*Fitzpatrick v. Bitzer,*
427 U.S. 445 (1976) ............................................................................ 4

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.,*
463 U.S. 1 (1983) ............................................................................... ii

*In re Great Lakes Dredge & Dock Co. LLC,*
624 F.3d 201 (5th Cir. 2010) ............................................................. 6

*Green Valley Special Util. Dist. v. City of Schertz,*
969 F.3d 460 (5th Cir. 2020) ............................................................. 6

*Hernandez v. Mesa,*
140 S. Ct. 735 (2020) ......................................................................... 4

*Katzenbach v. Morgan,*
384 U.S. 641 (1966) ............................................................................ 4

*Lexmark Int'l, Inc. v. Static Control Components, Inc.,*
572 U.S. 118 (2014) ....................................................................... ii, 5

*McDonald v. City of Chicago,*
   561 U.S. 742 (2010) ............................................................... 4

*Mendoza v. Murphy,*
   532 F.3d 342 (5th Cir. 2008) ............................................... 9

*Miller v. Stanmore,*
   636 F.2d 986 (5th Cir. 1981) ............................................... 7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,*
   460 U.S. 1 (1983) .................................................................. 8

*Powers v. United States,*
   783 F.3d 570 (5th Cir. 2015) ............................................... 9

*Smith v. Hood,*
   900 F.3d 180 (5th Cir. 2018) ............................................... 9

*Smith v. Reg'l Transit Auth.,*
   756 F.3d 340 (5th Cir. 2014) ............................................... 7

*Southpark Square Ltd. v. City of Jackson,*
   565 F.2d 338 (5th Cir. 1977) ............................................... 8

*Steel Co. v. Citizens for a Better Env't,*
   523 U.S. 83 (1998) ...............................................ii, 5, 7, 8

*Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.,*
   535 U.S. 635 (2002) ............................................................. 5

*Ex parte Virginia,*
   100 U.S. 339 (1879) ............................................................. 4

*Webb v. Town of Saint Joseph,*
   925 F.3d 209 (5th Cir. 2019) ............................................... 9

*Williamson v. Tucker,*
   645 F.2d 404 (5th Cir. 1981) ............................................... 5

*Young v. Hosemann,*
   598 F.3d 184 (5th Cir. 2010) ............................................... ii

*Ziglar v. Abbasi,*
   137 S. Ct. 1843 (2017) ......................................................... 4

**Constitutional Provisions, and Statutes:**

Tex. Const. art. I, § 17 ............................................................................. 1

U.S. Const.:
    amend. V .................................................................................. *passim*
    amend. XIV ............................................................................. *passim*

**Statutes:**

28 U.S.C.
    § 1292(b) ............................................................................................ 2
    § 1331 .............................................................................. iii, 1, 6, 7, 8
    § 1367(a) ...................................................................................... 2, 8
    § 1367(c)(3) ...................................................................................... 9
    § 1441(a) ............................................................................................ 1

## Issues Presented

The issues presented are:

1.  Whether a claimant's lack of a cause of action is a jurisdictional defect.

2.  Whether, in a case involving more than one federal claim, the dismissal of one federal claim requires the district court to remand the remaining federal and state-law claims to state court.

## Statement of Facts and Course of Proceedings

Plaintiffs-Appellees are individuals who own property north of Interstate Highway 10 in east Texas. ROA.1167–68, 1176–77. They seek compensation for flooding that occurred on their property during Hurricane Harvey (in August 2017) and Tropical Storm Imelda (in September 2019). ROA.1172–73. Plaintiffs allege that during the two storms, a concrete barrier that divides the east- and west-bound traffic on IH-10 acted as a dam, preventing flood waters from moving onto the southern lanes of IH-10. ROA.1170–71. Thus, they allege, the flood waters backed up north of the highway, resulting in "impoundment of rainwater runoff on Plaintiffs' property for days[.]" ROA.1174. They allege that the water damaged their real and personal property. ROA.1174–75.

Seeking to represent a class of similarly situated property owners, plaintiffs sued the State of Texas under the Fifth Amendment, U.S. Const. amend. V, and the Texas Constitution's Takings Clause, Tex. Const. art. I, § 17. ROA.1165–66. The first lawsuit was filed in state court. ROA.74–96. The State filed an answer, ROA.151–53, then removed the case to the Southern District of Texas based on federal-question jurisdiction under 28 U.S.C. sections 1331 and 1441(a) and

supplemental jurisdiction under 28 U.S.C. section 1367(a), ROA.68–96. That case was subsequently consolidated with three other lawsuits (also removed from state court) in which other property owners alleged the same claims. ROA.1127–29; *see* also ROA.1940–74, ROA.2286–2391, ROA.2733–2839. Once the lawsuits were consolidated, plaintiffs filed an amended master complaint which added, in the alternative to their Fifth Amendment takings claims, procedural and substantive due process claims against the State. ROA.1193–96.

The State moved for judgment on the pleadings as to plaintiffs' Fifth Amendment takings claims (among others not relevant to this interlocutory appeal). ROA.1199–1219. As relevant to this appeal, the State argued that plaintiffs lack a cause of action to sue States for a taking under the Fifth Amendment's takings clause as incorporated through the Fourteenth Amendment. ROA.1204–06.

The magistrate judge recommended that the district court deny the State's motion, ROA.1271–91, which the district court did, ROA.1379–80. The district court, however, certified the order for interlocutory appeal pursuant to 28 U.S.C. section 1292(b). ROA.1380. The State asked this Court for permission to appeal the interlocutory order pursuant to 28 U.S.C. section 1292(b), and the Court granted its request. *See* Order (No. 21-90043) (Oct. 8, 2021).

After briefing and oral argument, the panel agreed with the State that "the Fifth Amendment Takings Clause as applied to the states through the Fourteenth Amendment does not provide a right of action for takings claims against a state." Slip Op. at 1–2. Its published, per curiam opinion reads:

> The State of Texas appeals the district court's decision that Plaintiffs' federal Taking Clause claims against the State may proceed in federal court. Because we hold that the Fifth Amendment Takings Clause as applied to the states through the Fourteenth Amendment does not provide a right of action for takings claims against a state, we VACATE the district court's decision for want of jurisdiction and REMAND with instructions to return this case to the state courts. The Supreme Court of Texas recognizes takings claims under the federal and state constitutions, with differing remedies and constraints turning on the character and nature of the taking; nothing in this description of Texas law is intended to replace its role as the sole determinant of Texas state law. As such, this Court lacks jurisdiction to review these claims.

Slip Op. at 1–2 (footnotes omitted). Because it concluded plaintiffs' claims fail because there is no cause of action directly under the Constitution, the panel did not reach the State's alternative argument that Texas's sovereign immunity from liability independently bars plaintiffs' Fifth Amendment claims. *See* Appellant's Br. at 7–13; Reply at 3–13.

Plaintiffs-Appellees filed their own petition for rehearing en banc on December 7, 2022. The Court granted the State's motion for extension of time to file a petition for rehearing until December 21, 2022.

# ARGUMENT

Plaintiffs sued the State of Texas for a taking under the Fifth Amendment. There is no dispute that the Fifth Amendment's just-compensation requirement applies to the States through the Fourteenth Amendment. *See McDonald v. City of Chicago*, 561 U.S. 742, 760 (2010); *Chicago, B. & Q.R. Co. v. City of Chicago*, 166 U.S. 226, 238 (1897). But the State took this permissive interlocutory appeal because the plaintiffs do not have a cause of action to sue Texas. As the panel correctly recognized (at 1–2 & n.1), the Fourteenth Amendment does not create its own cause of action. *See Katzenbach v. Morgan*, 384 U.S. 641, 649 (1966); *Ex parte Virginia*, 100 U.S. 339, 345 (1879). Instead, it empowers Congress to create causes of action pursuant to its section 5 remedial authority. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 455 (1976); *see also Bd. of Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001) (discussing Congress's section 5 power to "authorize private individuals to recover money damages against the States"). In this context, as elsewhere, "private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001); *see also Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1856–57 (2017). And although Congress has created many causes of action to enforce the due process guarantees of the Fourteenth Amendment, it has not created a cause of action available against the States to enforce the Fifth Amendment's takings clause.

Agreeing with the State, the panel correctly held that "the Fifth Amendment Takings Clause as applied to the states through the Fourteenth Amendment does not provide a right of action for takings claims against a state." Slip Op. at 1–2. That

holding is supported by well-established Supreme Court precedent and accords with the only court of appeals decision to have directly confronted the question. *See Azul-Pacifico, Inc. v. City of L.A.*, 973 F.2d 704, 705 (9th Cir. 1992) (holding that a claimant alleging a Fifth Amendment taking "has no cause of action directly under the United States Constitution."); Slip Op. at 2 n.1. But instead of instructing the district court to dismiss the federal takings claims with prejudice, the panel ordered the district court to dismiss for want of jurisdiction and remand the entire case to state court. Slip Op. at 2. That is error for two independent reasons, both of which warrant the full Court's intervention.

## I.  The Lack of a Cause of Action is Not a Jurisdictional Defect.

A long line of precedent makes clear that lack of a cause of action is not a jurisdictional defect. "It is firmly established . . . that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional power to adjudicate the case." *Steel Co*, 523 U.S. at 89; *accord Lexmark*, 572 U.S. at 128 n.4; *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 642–43 (2002); *Bell v. Hood*, 327 U.S. 678, 682 (1946). And this Court has long recognized and applied that principle: lack of a valid cause of action does not destroy the court's jursidiction. *See, e.g.*, *ACS Recovery Servs.*, 723 F.3d at 523 (explaining that dismissal for "failure to state a claim cognizable under federal law is distinct from holding that a court lacks subject matter jurisdiction"); *see also Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981) ("Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits."). After all,

"jurisdiction and a cause of action are two independent requirements to invoke the judicial power." *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 494 n.1 (5th Cir. 2020) (Oldham, J., concurring). That is why the parties have agreed throughout this litigation that 28 U.S.C. section 1331 supplies the federal courts with jurisdiction. *See* Defendant-Appellant's Br. at 1; Plaintiffs-Appellees Br. at 12; Defendant-Appellant's Reply at 18. Indeed, the State again emphasized at oral argument that none of the issues certified for interlocutory appeal, including this one, were jurisdictional. *See* Oral Arg. at 7:13–15.

But the panel held that because plaintiffs lack a cause of action, the district court lacked jurisdiction:

> Because we hold that the Fifth Amendment Takings Clause as applied to the states through the Fourteenth Amendment does not provide a right of action for takings claims against a state, we VACATE the district court's decision *for want of jurisdiction* and REMAND *with instructions to return this case to the state courts*.

Slip Op. 1–2 (emphases added) (footnote omitted); *see also* Judgment (Nov. 23, 2022) ("[T]he judgment of the District Court is VACATED and REMANDED to the District Court for further proceedings in accordance with the opinion of this Court.").

That disposition is error. The State is entitled to dismissal of the plaintiffs' federal takings claims with prejudice, not a mere jurisdictional dismissal and remand to state court. *See In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209 (5th Cir. 2010). Concluding that a "claim must be dismissed" because the claimant is not entitled to the relief he seeks "is different from stating that a district court lacks

jurisdiction" to determine *whether* he is entitled to that relief. *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 346 (5th Cir. 2014). But the panel's published opinion holds that the failure of plaintiffs' cause of action deprives the district court of jurisdiction. Slip Op. at 1–2. And in doing so, it suggests that plaintiffs can again press their Fifth Amendment takings claims in state court, even though the panel has held the Fifth Amendment does not supply a cause of action. That is error, it violates the rule of orderliness, and it ignores decades of Supreme Court precedent.

The district court has jurisdiction under section 1331. As this Court explained decades ago, "[w]here the complaint seeks recovery directly under the Constitution, federal question jurisdiction is established." *Miller v. Stanmore*, 636 F.2d 986, 989 (5th Cir. 1981). After all, federal-question jurisdiction exists when "the right of the [plaintiffs] to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another." *Steel Co.*, 523 U.S. at 89 (quoting *Bell*, 327 U.S. at 685). That describes plaintiffs' claims. As relevant to this interlocutory appeal, plaintiffs and the State pressed competing interpretations of the Fifth Amendment's takings clause and the Fourteenth Amendment. Consequently, the State and the plaintiffs have consistently agreed there is federal jurisdiction here. Indeed, Plaintiffs' own petition for rehearing also raises the panel's jurisdictional dismissal order as grounds for en banc review (at 9).

To be sure, there is an exception to the general rule that federal jurisdiction is not defeated by lack of a cause of action: if the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a

claim is wholly insubstantial and frivolous." *Steel Co.*, 523 U.S. at 89 (quoting *Bell*, 327 U.S. at 682–83); *see, e.g.*, *Southpark Square Ltd. v. City of Jackson*, 565 F.2d 338, 341 (5th Cir. 1977). The State has never argued that this exception applies to plaintiffs' claims. And the opinion gives no indication that the panel thought plaintiffs' claims "immaterial" or "insubstantial and frivolous." But absent such a conclusion, it was error to dismiss plaintiffs' federal takings claims "for want of jurisdiction." Slip Op. 2.

## II. There Are Other Federal Claims Pending Below, But the Panel Ordered the District Court to Remand the Case to State Court.

Requiring the district court to remand to state court is erroneous for another, independent reason: even after dismissal of plaintiffs' federal takings claim, plaintiffs' other federal claims remain pending. This permissive interlocutory appeal involved solely plaintiffs' Fifth Amendment takings claims. *See* ROA.1189–93. But the plaintiffs have also alleged procedural and substantive due process claims against the State under the Fourteenth Amendment, and these claims remain pending in the district court. ROA.1193–96. That, independently, warrants rehearing.

Whatever the merits of plaintiffs' alternative federal claims—and the State will challenge them at the appropriate time—"the federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983). Plaintiffs' due process claims are properly within section 1331's grant of federal-question jurisdiction, *see Steel Co.*, 523 U.S. at 89, which allows supplemental jurisdiction over plaintiffs' state-law claim under 28 U.S.C. section 1367(a).

And as to the state-law claims, even after all federal claims have been dismissed, the district court ordinarily has discretion to continue exercising supplemental jurisdiction. 28 U.S.C. § 1367(c)(3); *Int'l Coll. of Surgeons*, 522 U.S. at 172–74. This Court's usual practice is to remand to the district court to exercise that discretion in the first instance. *See, e.g.*, *Webb v. Town of Saint Joseph*, 925 F.3d 209, 221–22 (5th Cir. 2019); *Smith v. Hood*, 900 F.3d 180, 187 (5th Cir. 2018). But the panel ordered the district court to remand plaintiffs' state-law claims to state court, discretion notwithstanding. A holding that district courts may not exercise supplemental jurisdiction under these circumstances stands in stark contrast to precedent. *See, e.g.*, *Powers v. United States*, 783 F.3d 570, 577 (5th Cir. 2015); *Mendoza v. Murphy*, 532 F.3d 342, 346–47 (5th Cir. 2008). And it threatens confusion for district courts and litigants in all manner of cases.

## Conclusion

The Court should grant the State's petition for rehearing en banc and, upon rehearing, should reverse the district court's order and remand with instructions to dismiss plaintiffs' Fifth Amendment takings claims with prejudice and for further proceedings on plaintiffs' remaining claims.

Respectfully submitted.

Ken Paxton
Attorney General of Texas

Judd E. Stone II
Solicitor General

Brent Webster
First Assistant Attorney General

Benjamin D. Wilson
Deputy Solicitor General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

/s/ Natalie D. Thompson
Natalie D. Thompson
Assistant Solicitor General
Natalie.Thompson@oag.texas.gov

Counsel for the State of Texas

## CERTIFICATE OF SERVICE

On December 21, 2022, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Natalie D. Thompson
NATALIE D. THOMPSON

## CERTIFICATE OF COMPLIANCE

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 35(b)(2)(A) because it contains 2,823 words, excluding the parts of the brief exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(6) and the type style requirements of Rule 32(a)(5) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Natalie D. Thompson
NATALIE D. THOMPSON

# United States Court of Appeals
## for the Fifth Circuit

---

No. 21-40750

---

United States Court of Appeals
Fifth Circuit

**FILED**

November 23, 2022

Lyle W. Cayce
Clerk

RICHARD DEVILLIER; WENDY DEVILLIER; STEVEN DEVILLIER;
RHONDA DEVILLIER; BARBARA DEVILLIER; ET AL,

*Plaintiffs—Appellees,*

*versus*

STATE OF TEXAS,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Southern District of Texas
No. 3:20-CV-223

---

Before HIGGINBOTHAM, SOUTHWICK, and HIGGINSON, *Circuit Judges.*

PER CURIAM:

The State of Texas appeals the district court's decision that Plaintiffs' federal Taking Clause claims against the State may proceed in federal court. Because we hold that the Fifth Amendment Takings Clause as applied to the states through the Fourteenth Amendment does not provide a right of action

for takings claims against a state,[1] we VACATE the district court's decision for want of jurisdiction and REMAND with instructions to return this case to the state courts. The Supreme Court of Texas recognizes takings claims under the federal and state constitutions,[2] with differing remedies and constraints turning on the character and nature of the taking;[3] nothing in this description of Texas law is intended to replace its role as the sole determinant of Texas state law.[4] As such, this Court lacks jurisdiction to review these claims.[5]

---

[1] *See Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020) ("[A] federal court's authority to recognize a damages remedy must rest at bottom on a statute enacted by Congress."); *Azul–Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) (holding that a takings plaintiff has "no cause of action directly under the United States Constitution"), *cert. denied*, 506 U.S. 1081 (1993).

[2] *See City of Baytown v. Schrock*, 645 S.W.3d 174, 178 (Tex. 2022) ("Under our [federal and state] constitutions, waiver occurs when the government refuses to acknowledge its intentional taking of private property for public use. A suit based on this waiver is known as an 'inverse condemnation' claim."); *see also Gutersloh v. Texas*, No. 93-8729, 25 F.3d 1044, 994 WL 261047, *1 (5th Cir. 1994) (unpublished per curiam) ("[The State] . . . admits, the courts of the State of Texas are open to inverse condemnation damage claims against state agencies on the basis of the Fifth Amendment, as applied to the states through the Fourteenth Amendment, as well as on the basis of the Texas Constitution and laws.").

[3] *See Allodial Ltd. P'ship v. N. Tex. Tollway Auth.*, 176 S.W.3d 680, 683–84 (Tex. App.—Dallas 2005, pet. denied) (noting that Texas courts apply a two-year limitations period to takings claims for "damaged" property and a ten-year limitations period to takings claims for "taken" property).

[4] *See, e.g.*, *San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 623 (Tex. 2021), *reh'g denied* (Sept. 3, 2021) ("[T]he owner of private property may bring a common-law action for inverse condemnation.").

[5] *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 588 (5th Cir. 2022) (noting that federal-question jurisdiction will lie over state-law claims only if "resolving a federal issue is necessary to resolution of the state-law claim" (quoting *Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 529 (5th Cir. 2020))).