No. 21-40750

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

**Richard Devillier; Wendy Devillier;
Steven Devillier; Rhonda Devillier; et al.,**
*Plaintiffs-Appellees,*

*v.*

**State of Texas,**
*Defendant-Appellant.*

On Appeal from the United States District Court
for the Southern District of Texas
Galveston Division

## PLAINTIFFS-APPELLEES' RESPONSE TO THE PETITION FOR REHEARING EN BANC OF DEFENDANT-APPELLANT THE STATE OF TEXAS

Daniel H. Charest
E. Lawrence Vincent
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
469-904-4550
dcharest@burnscharest.com
lvincent@burnscharest.com

Charles Irvine
IRVINE & CONNER PLLC
4709 Austin Street
Houston, Texas 77004
713-533-1704
charles@irvineconner.com

Counsel for Plaintiffs-Appellees

# **TABLE OF CONTENTS**

TABLE OF CONTENTS...................................................................................i

TABLE OF AUTHORITIES............................................................................ii

PLAINTIFFS-APPELLEES' RESPONSE.........................................................1

CERTIFICATE OF SERVICE.........................................................................8

CERTIFICATE OF COMPLIANCE.................................................................9

# TABLE OF AUTHORITIES

## Cases

*City of Baytown v. Schrock*,
  645 S.W.3d 174 (Tex. 2022) ................................................................. 2

*DeGruy v. Wade*,
  586 F. App'x 652 (5th Cir. 2014) ......................................................... 6

*First Eng. Evangelical Lutheran Church of Glendale v. Los Angeles Cnty., Cal.*,
  482 U.S. 304 (1987) ........................................................................ 4, 5

*Guetersloh v. Texas*,
  No. 93-8729, 25 F.3d 1044, WL 261047 (5th Cir. 1994) ................... 3, 6

*Hilton v. South Carolina Pub. Rys. Comm'n*,
  502 U.S. 198 (1991) ............................................................................ 4

*Howlett By & Through Howlett v. Rose*,
  496 U.S. 356 (1990) ............................................................................ 7

*Jacobs v. United States*,
  290 U.S. 13 (1933) ...................................................................... 3, 4, 5

*Knick v. Township of Scott*,
  139 S. Ct. 2162 (2019) ............................................................... 3, 4, 5, 6

*Manning v. N.M. Energy, Minerals & Nat. Res. Dep't*,
  144 P.2d 87 (N.M. 2006) ..................................................................... 7

*Sullivan v. Texas A&M Univ. Sys.*,
  986 F.3d 593 (5th Cir. 2021) ............................................................... 6

*Warnock v. Pecos Cnty.*,
  88 F.3d 341 (5th Cir. 1996) ................................................................ 6

*Will v. Mich. Dep't of State Police*,
  491 U.S. 58 (1989) ............................................................................. 4

## Statutes

28 U.S.C. § 1331 .................................................................................. 1

42 U.S.C. § 1983 .................................................................................. 4

## Other Authorities

9 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2373 (3d ed. 2008) ................................................................................................. 6

## **PLAINTIFFS-APPELLEES' RESPONSE**

Plaintiffs-Appellees Richard Devillier, et al., submit their response to the Petition for Rehearing En Banc filed by Defendant-Appellant the State of Texas (the "State's Petition").

Appellees agree with the State on <u>some</u> points:

- 28 U.S.C. § 1331 provides subject matter jurisdiction for Appellees' Fifth Amendment takings claims. State's Petition at 7-8.

- A lack of a claim is not a jurisdictional defect. State's Petition at 5.

- The panel's mandate, which would remand the case to Texas state court, errs because Appellees' Fourteenth Amendment due process claims remain live in the case below and, independently, provide federal subject matter jurisdiction. State's Petition at 8.[1]

- The panel's directive to remand the case improperly encroaches on the district court's authority and discretion on whether to retain and adjudicate Appellees' state law takings claim. State's Petition at 9.

- The panel's holding, resting as it does on the panel's determination of a lack of jurisdiction, means "the panel did not reach the State's alternative argument that Texas's sovereign immunity from liability independently bars plaintiffs' Fifth Amendment claims." State's Petition at 3.

But Appellees <u>disagree</u> with the State on some key points too. Most importantly, the State mischaracterizes the panel's decision as having ruled Appellees have no federal takings claim because Congress has not used its power under the Fourteenth Amendment to "create" such a cause of action. State's Petition at 3-4. Appellees have

---

[1] Appellees' due process claims (Counts 3 and 4 of their First Amended Master Complaint) were not part of the order from which interlocutory appeal was granted and, therefore, are beyond the panel's appellate jurisdiction.

never contended that they "need" any congressionally-created right of action to advance their Fifth Amendment Takings Clause claims. And the State's fixation on characterizing Appellee's claims as "implied" and pointing to an absence of congressional action both misapprehends Appellee's argument and misarticulates the law. The State's original mischaracterization repeats itself in the State's Petition.

The State acknowledges, for the purpose of establishing federal subject matter jurisdiction under Section 1331, that a Fifth Amendment claim <u>exists</u>. State's Petition at 7-8. But the State contends the same claim does <u>not exist</u> when articulating the panel's decision. *See* State Petition at 3 ("After briefing and oral argument, the panel agreed with the State that 'the Fifth Amendment Takings Clause as applied to the states through the Fourteenth Amendment does not provide a right of action for takings claims against a state.'"). The claim cannot exist for jurisdiction but not for substance. And the State cannot avoid this incongruity.

While the panel erred in concluding that Appellees' constitutionally-based claims provide no subject matter jurisdiction, the State errs in arguing that no substantive claim exists at all. The panel recognized that the U.S. Constitution provided a cause of action against a State but, citing a lack of jurisdiction, concluded that such claims must be heard before state courts: "The Supreme Court of Texas recognizes takings claims under the federal and state constitutions. . . ." Panel Opinion at 2 (citing *City of Baytown v. Schrock*, 645 S.W.3d 174, 178 (Tex. 2022) ("Under our [federal and state] constitutions, waiver occurs when the government refuses to acknowledge its intentional taking of

private property for public use. A suit based on this waiver is known as an 'inverse condemnation' claim."), and *Guetersloh v. Texas*, No. 93-8729, 25 F.3d 1044, 994 WL 261047, *1 (5th Cir. 1994) (unpublished *per curiam*) ("[The State] . . . admits, the courts of the State of Texas are open to inverse condemnation damage claims against state agencies on the basis of the Fifth Amendment, as applied to the states through the Fourteenth Amendment, as well as on the basis of the Texas Constitution and laws.")). The State's characterization of the panel's opinion as having concluded no such cause of action exists directly contravenes this portion of the panel opinion.

Even if the panel had concluded (contrary to its opinion) that Appellees have no substantive claim under the U.S. Constitution, that would be error of the highest degree. The Supreme Court has been clear and firm on the existence and source of authority for Appellees' claims: "A property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it." *Knick v. Township of Scott, Pa.*, 139 S. Ct. 2162, 2167 (2019); *see also id.* at 2172 ("[B]ecause a taking without compensation violates the self-executing Fifth Amendment at the time of the taking, the property owner can bring a federal suit at that time"). Most recently, the *Knick* Court described the existence of the federal Fifth Amendment Takings Clause claim and, further, explained, how that individual right to just compensation cannot be abridged:

> The Fifth Amendment right to full compensation arises at the time of the
> taking, regardless of post-taking remedies that may be available to the
> property owner. That principle was confirmed in *Jacobs v. United States*, 290
> U.S. 13, 17 (1933), where we held that a property owner found to have a
> valid takings claim is entitled to compensation as if it had been "paid

contemporaneously with the taking"—that is, the compensation must generally consist of the total value of the property when taken, plus interest from that time. . . . "<u>The form of the remedy does not qualify the right. It rests upon the Fifth Amendment</u>." 290 U.S. at 16. *Jacobs* made clear that, no matter what sort of procedures the government puts in place to remedy a taking, a property owner has a Fifth Amendment entitlement to compensation as soon as the government takes his property without paying for it. . . .

> <u>Although *Jacobs* concerned a taking by the Federal Government, the same reasoning applies to takings by the States</u>. The availability of any particular compensation remedy, such as an inverse condemnation claim under state law, cannot infringe or restrict the property owner's <u>federal constitutional claim</u>—just as the existence of a state action for battery does not bar a Fourth Amendment claim of excessive force. The fact that the State has provided a property owner with a procedure that may subsequently result in just compensation **cannot deprive the owner of his Fifth Amendment right to compensation under the Constitution**, leaving only the state law right. And that is key because <u>it is the existence of the Fifth Amendment right that allows the owner to proceed directly to federal court</u> under § 1983.

139 S. Ct. at 2170-71 (cleaned up, emphasis added).[2]

Indeed, the Supreme Court expressly rejected contention asserted by the State (and, if the State's articulation of the panel opinion is correct, the panel) that private property owners need something more than the U.S. Constitution to assert a Takings Clause claim. *See First Eng. Evangelical Lutheran Church of Glendale v. Los Angeles Cnty., Cal.*, 482 U.S. 304, 316 n.9 (1987) (stating that Supreme Court cases "refute the argument . . . that 'the Constitution does not, of its own force, furnish a basis for a court to award

---

[2] That the property owner in *Knick* brought their claim under 42 U.S.C. § 1983 is immaterial to the analysis of this case—Appellees' claims simply fall outside the scope of that irrelevant statute. *See Hilton v. S.C. Pub. Rys. Comm'n*, 502 U.S. 198, 205 (1991) (noting that the determination in *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989), a State is not a person within the scope of section 1983 rested on an "ordinary rule of statutory construction").

money damages against the government'"). And the Supreme Court has clearly confirmed that, for federal Fifth Amendment Takings Clause claims, no congressional action is required to provide a private property owner with a cause of action: "**Statutory recognition was not necessary**. A promise to pay was . . . implied because of the duty to pay imposed by the amendment. <u>The suits were thus **founded upon the Constitution of the United States**</u>." *Jacobs v. United States*, 290 U.S. 13, 16 (1933) (emphasis added). Ultimately, the Supreme Court has repeatedly stated in *Knick*, *First English*, and *Jacobs*, that the U.S. Constitution provides a private property owner a self-executing cause of action for just compensation under the U.S. Constitution's Takings Clause: "the Constitution . . . furnish[es] a basis for a court to award money damages against the government" because the right is "founded on the Constitution of the United States," the right "rests upon the Fifth Amendment," and "[s]tatutory recognition [i]s not necessary" to advance that right. And as *Knick* confirmed, this principle "applies to takings by the State." 139 S. Ct. at 2171."[3]

   Appellees also disagree with the State's assertion that the panel should have instructed the district court to dismiss their federal takings claims <u>with prejudice</u>. State's

---

[3] Appellees do not contest that, if filed originally in federal courts, the State's sovereign immunity from suit would have served as an affirmative defense. But, as the State has conceded many times, the State waived its sovereign immunity from suit by removing the case to federal court. *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 255 (5th Cir. 2005) ("[W]hen Texas removed this case to federal court it voluntarily invoked the jurisdiction of the federal courts and waived its immunity from suit in federal court."). That analysis invokes the question of whether the State is amenable to suit in the state courts, which the panel correctly concluded it was. *See* Panel Opinion at 2 ("The Supreme Court of Texas recognizes takings claims under the federal and state constitutions. . . ." (citing cases)).

Petition at 5, 6.  The panel's finding of no jurisdiction precludes any determination on the merits of the State's sovereign immunity affirmative defense. *DeGruy v. Wade*, 586 F. App'x 652, 655 (5th Cir. 2014) ("It is true that a court cannot rule on the merits if it lacks subject-matter jurisdiction."); *see also Sullivan v. Texas A&M Univ. Sys.*, 986 F.3d 593, 595 (5th Cir. 2021) (noting dismissal based on sovereign immunity is without prejudice) (citing *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996) and 9 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2373, at 756–57 (3d ed. 2008) (explaining that because dismissal for lack of jurisdiction does not reach the merits, the claim "must be considered to have been dismissed without prejudice").

If, ultimately, the Court somehow finds no federal question jurisdiction exists for the self-executing Takings Clause claim provided (per *Knick*) against the State by the Constitution itself <u>and</u> ignores the existing federal claims (Counts 3 and 4) currently before the court below, the mandate <u>cannot</u> preclude litigation of the federal Fifth Amendment Takings Clause claim on remand to Texas state court. The panel, itself, reserved judgment on that issue for the Texas courts. *See* Panel Opinion at 2 (reserving judgment in favor of the Texas courts). And, even before the panel's ruling, this Court has already concluded that Texas courts recognize <u>federal</u> takings claims in Texas courts. *See Guetersloh v. State of Texas*, 25 F.3d 1044 (5th Cir. 1994) (observing that the State of Texas, through its Attorney General, admitted that "the courts of the State of Texas are open to inverse condemnation damage claims against state agencies on the basis of the Fifth Amendment, as applied to the states through the Fourteenth

Amendment, as well as on the basis of the Texas Constitution and laws"); *see also Howlett By & Through Howlett v. Rose*, 496 U.S. 356 (1990) (a state cannot accept liability for a set of actions under state law but use sovereign immunity to avoid parallel liability under federal law for that same set of actions); *Manning v. N.M. Energy, Minerals & Nat. Res. Dep't*, 144 P.2d 87, 91-98 (N.M. 2006) (sovereign immunity does not bar Fifth Amendment takings claims brought against a state in state court). If the case is remanded, the basis being jurisdictional and substantive rulings having been reserved, Appellees' claims cannot have been adjudicated on the merits with prejudice.

The ruling of the court below should be affirmed. To the extent necessary to allow this result, the panel's opinion should be reheard, amended, repealed, or corrected in whatever form to protect Appellees' individual private property rights from the State's taking without just compensation in violation of the Takings Clause of the Fifth Amendment of the US Constitution.

Dated: January 3, 2023                Respectfully submitted,

                                      */s/ Daniel H. Charest*
                                      Daniel H. Charest
                                      E. Lawrence Vincent
                                      BURNS CHAREST LLP
                                      900 Jackson Street, Suite 500
                                      Dallas, Texas 75202
                                      Telephone: (469) 904-4550
                                      dcharest@burnscharest.com
                                      lvincent@burnscharest.com

                                      Charles Irvine
                                      IRVINE & CONNER PLLC
                                      4709 Austin Street
                                      Houston, Texas 77004
                                      Telephone: (713) 553-1704
                                      charles@irvineconner.com

## **CERTIFICATE OF SERVICE**

On January 3, 2023, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Malwarebytes and is free of viruses.

                                      */s/ Daniel H. Charest*
                                      Daniel H. Charest

## <u>CERTIFICATE OF COMPLIANCE</u>

The foregoing complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 2048 words, excluding the parts exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Garamond) using Microsoft Word (the same program used to calculate the word count).

*/s/ Daniel H. Charest*
Daniel H. Charest