burns charest llp

Daniel H. Charest
dcharest@burnscharest.com

September 3, 2024

**Via CM/ECF**
Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, Louisiana 70130-3408

Re:  *Richard Devillier, et al. v. State of Texas*, Case No. 21-40750—Notice of Supplemental Authority

Dear Mr. Cayce:

Appellees submit a notice of supplemental authority regarding *Texas Dep't of Transp. v. Self*, 690 S.W.3d 12 (Tex. 2024) (copy attached as Exhibit A). In *Self*, the Texas Supreme Court confirmed that laid to rest the State's assertion that an Art. I § 17 claim requires proof that the State must have had a subjective intent to cause harm to, or know that a specific harm to, a specific property was substantially certain to occur from the act which caused the alleged taking. *See* Exhibit A at *30 ("The words of our Takings Clause do not remotely suggest that a property owner must prove the government had a particular "impetus" or mindset regarding whether its intentional taking of property for public use was permissible."). *Self* therefore supports the interlocutory decision made four years ago rejecting the State's assertion that evidence of a <u>subjective</u> intent to take Appellees' property is required to pursue a state law inverse condemnation claim under Article I, Section 17 of the Texas Constitution. *Cf.* Record document 00516261145 at 134-36 (Memorandum and Recommendation July 30, 2021).

Best regards,

**BURNS CHAREST LLP**

Daniel H. Charest, Partner

Cc:  All counsel of record via the Court's CM/ECF filing system.
Encl.  Ex. A – *Texas Dep't of Transp. v. Self*, 690 S.W.3d 12 (Tex. 2024).