No. 21-40750

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

**Richard Devillier; Wendy Devillier;
Steven Devillier; Rhonda Devillier; et al.,**

*Plaintiffs-Appellees,*

*v.*

**State of Texas,**

*Defendant-Appellant.*

On appeal from The United States District Court
for the Southern District of Texas
Galveston Division

## PLAINTIFFS-APPELLEES' EMERGENCY MOTION TO RECALL THE MANDATE

Daniel H. Charest
E. Lawrence Vincent
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
469-904-4550
dcharest@burnscharest.com
lvincent@burnscharest.com

Charles Irvine
IRVINE & CONNER PLLC
4709 Austin Street
Houston, Texas 77004
713-533-1704
charles@irvineconner.com

Counsel for Plaintiffs-Appellees

# CERTIFICATE OF INTERESTED PERSONS

## No. 21-40750, *Devillier, et al. v. State of Texas*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5TH CIR. R. 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

**Plaintiffs/Appellees:**
Richard & Wendy Devillier; Steven & Rhonda Devillier; David & Angela McBride; Bert Hargraves; Barney & Crystal Threadgill; Barbara Devillier; David Ray; Gary Herman; Rhonda Glanzer; Chris & Darla Barrow; Dennis Dugat; Laurence Barron; Deanette Lemon; Jill White; Beverly Kiker; Yale Devillier, Individually and as Personal Representative of the Estate of Kyle H. Devillier; Charles Monroe; Jacob & Angela Fregia; Jerry & Mary Devillier; Zalphia Hankamer; Larry Bollich; Susan Bollich; Sheila Marino; William Meissner; Taylor McBride; Brian & Kathleen Abshier; Jina Daigle; Coulon Devillier; Halley Ray Sr., Halley Ray Jr. & Sheila Moor; John Rhame; Alex & Tammy Hargraves; William Devillier; Kyle & Allison Wagstaff; Kevin Sonnier; Eugenia Molthen; Bradley Moon; John Roberts; Marilyn Roberts; Savanna Sanders; Robert & Tracey Brown; Josh Baker; Lee Blue; Russell Brown; Margaret Carroll; Kevin Cormier; James & Melissa Davis; Maria Gallegos & Christopher Ferguson; Angela Hughes; Robert Laird; Harold Ledoux; Kacey Sandefur; Tifani Staner; Stephen Stelly; Randall & Patti Stout; Chris Day; Calvin Hill; Michael & Julie Weisse; Eleanor Leonard; Ivy Hamm Claude Roberts; Bryan Olson; Caren Nueman; Floyd Cline, Jr.; Kenneth Coleman; Haylea Barrow; Carol Roberts; Jenica Vidrine; Charles Collier; Sharon Crissey; James Brad Crone; Heather & James Coggin; Clovis Melancon; Leroy Speights; Crossroads Asphalt Preservation, Inc.; Fesi Energy, LLC; Brian Fischer; Curtis Laird; Devon Boudreaux; Richard Belsey; Sharon Clubb; Janet Dancer; Porter May; Cindy Perez; Cecile Jimenez; Scott Hamric; Bruce & Tina Hinds; William Olivier; Esteban Lopez; Billy Stanley; Candace Abshier; Sean Fillyaw; Autumn Minton; Brandon Sanders; Rodney Badon; Charlie Carter; Myra Wellons; Jerry Stepan; Bryan Mills; Cat 5 Resources LLC; Joan Jeffrey; Randy & Monica Brazil; Herbert & Kerry Dillard; Southeast Texas Olive, LLC; and Gulf Coast Olive Investments, LLC.

**Appellees' counsel:**
Daniel Henry Charest
E. Lawrence Vincent
Burns Charest LLP
900 Jackson Street, Ste 500
Dallas, Texas 75202

Charles W Irvine
Irvine & Conner PLLC
4709 Austin Street
Houston, Texas 77004

Lawrence G Dunbar
Dunbar Law Firm, PLLC
13121 Louetta Road, #1240
Cypress, Texas 77429

**Defendant/Appellant:**
The State of Texas

**Appellant's counsel:**
Ken Paxton
Brent Webster
Judd E. Stone II
Benjamin D. Wilson
Natalie D. Thompson
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548

/s/ *Daniel H. Charest*
Daniel H. Charest
Counsel for Plaintiffs-Appellees

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ................................................................ i

TABLE OF CONTENTS ............................................................................................... iii

TABLE OF AUTHORITIES .......................................................................................... iv

OVERVIEW AND CERTIFICATION ........................................................................... 1

ARGUMENT: RECALL OF THE MANDATE IS REQUIRED ................................... 3

    I.    The Panel Had No Jurisdiction To Order This Matter Remanded To Texas State Court *Or* To Thwart The Jurisdiction Of The District Court. ......................................................................................... 3

    II.    The Panel Order Conflicts With The Mandate Of The Supreme Court. ................................................................................................... 7

    III.    Conclusion. ................................................................................................ 9

CERTIFICATE OF COMPLIANCE ............................................................................. 10

CERTIFICATE OF SERVICE ...................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Arbaugh v. Y & H Corp.*,
  546 U.S. 500 (2006) .................................................................................. 6

*Carlsbad Tech., Inc. v. HIF Bio, Inc.*,
  556 U.S. 635 (2009) .................................................................................. 6

*City of Chicago v. Int'l Coll. of Surgeons*,
  522 U.S. 156 (1997) .................................................................................. 7

*Consumers' Rsch. v. Consumer Prod. Safety Comm'n*,
  91 F.4th 342 (5th Cir. 2024) ..................................................................... 7

*Devillier v. State*,
  53 F.4th 904 (5th Cir. 2023) ..................................................................... 2

*DeVillier v. Texas*,
  601 U.S. 285 (2024) ......................................................................... 1, 7, 8

*Fed. Bureau of Investigation v. Fikre*,
  601 U.S. 234 (2024) .................................................................................. 2

*Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*,
  545 U.S. 308 (2005) .................................................................................. 8

*Hernandez v. Results Staffing, Inc.*,
  907 F.3d 354 (5th Cir. 2018) ..................................................................... 4

*Knick v. Twp. of Scott, Pennsylvania*,
  588 U.S. 180 (2019) .................................................................................. 8

*Osborn v. Bank of United States*,
  22 U.S. 738 (1824) .................................................................................... 9

*Osborn v. Haley*,
  549 U.S. 225 (2007) .................................................................................. 6

*Pickett v. Texas Tech Univ. Health Scis. Ctr.*,
  37 F.4th 1013 (5th Cir. 2022) ................................................................... 5

*Poretto v. City of Galveston Park Bd. Of Trustees*,
  113 F.4th 469 (5th Cir. 2024) ................................................................... 4

*Shulthis v. McDougal*,
  225 U.S. 561 (1912) .................................................................................. 9

*U.S. v. Thomas*,
  242 F.3d 1028 (11th Cir. 2001) ................................................................. 7

*United States ex rel. Bain v. Georgia Gulf Corp.*,
 386 F.3d 648 (5th Cir. 2004) ........................................................................... 4

*United States ex rel. Simoneaux v. E.I. duPont de Nemours & Co.*,
 843 F.3d 1033 (5th Cir. 2016) ......................................................................... 4

*United States v. Stanley*,
 483 U.S. 669 (1987) ..................................................................................... i, 4

**Statutes**

28 U.S.C. § 1367 ...................................................................................................6, 7

**Rules**

5th Cir. Rule 27.3..............................................................................................1, 2

Fed. R. App. P. 27 .................................................................................................. 1

## **OVERVIEW AND CERTIFICATION**

On April 16, 2024, the United States Supreme Court vacated the prior judgment of this Court. *DeVillier v. Texas*, 601 U.S. 285 (2024). On May 21, 2024, this Court received the judgment of the U.S. Supreme Court remanding the case to this Court "for further proceedings consistent with the opinion of this Court." Exhibit A, ECF Document 148. After receiving the case, this Court asked for no briefing, held no argument, and, until yesterday, took no action.

On September 26, 2024, more than four months after remand from the U.S. Supreme Court and without the benefit of briefing or argument, the panel in this appeal issued the following order:

> The United States Supreme Court vacated the judgment of this court and remanded for further proceedings. *See Devillier v. Texas*, 601 U.S. 285 (2024). In light of the Supreme Court's decision, we REMAND to the District Court with instructions to REMAND to the state court from which this case was removed.

Exhibit B, ECF Document 156-1. The panel also ordered immediate issuance of the mandate, a directive the Clerk of this Court followed. *Id.* For the reasons stated below, the panel's order is in error. And the mandate issuance eliminates the opportunity to cure the error.

Pursuant to Fed. R. App. P. 27 and 5th Cir. Rule 27.3, Appellees submit this Emergency Motion to Recall the Mandate. Appellees certify they have complied with 5th Cir. Rule 27.3 by placing a telephone call to the Clerk's office as well as to the offices of opposing counsel advising of the intent to file this motion.

1

In further compliance with 5th Cir. Rule 27.3, state that the nature of the emergency and the irreparable harm Appellees will suffer if the motion is not granted are grounded in the fact that the issuance of the mandate, directing that the federal district court <u>abandon</u> the federal question jurisdiction it <u>continues</u> to hold, precludes any review of the panel's order by this or any other court, thereby denying Appellees the federal forum established by Congress. *See Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 240 (2024) ("The Constitution grants federal courts jurisdiction to decide 'Cases' or 'Controversies.' A court with jurisdiction has a 'virtually unflagging obligation' to hear and resolve questions properly before it."). And it does so without any proffered basis or reasoning.

As discussed below, the panel's order not only exceeds its appellate jurisdiction over this interlocutory appeal but also improperly circumvents the jurisdiction of the district court below. It likewise contravenes the decision and judgment by the U.S. Supreme Court that vacated the panel's prior opinion and directed that Appellees be permitted to amend their complaint <u>in this federal action</u> but which in no way altered the subject matter jurisdiction of the federal district court over this case.[1] The order of this Court is not "<u>consistent with the opinion</u> of [the U.S. Supreme] Court."

---

[1] As discussed below *infra* note 3, the panel once before *ordered* the district court to remand this action based on a statement that no federal jurisdiction existed over Appellees' case. *See* Exhibit C, Doc. 00516555481 (Panel Opinion of November 23, 2022). Then, after both Appellees <u>and</u> the State of Texas pointed out in separate motions for rehearing that the directive was improper and federal jurisdiction remained over the case by virtue of claims not affected by the interlocutory order before it, the panel issued a revised opinion simply remanding the case to the district court "for further proceedings." *Devillier v. State*, 53 F.4th 904 (5th Cir. 2023).

2

Finally, Appellees certify that the facts supporting emergency consideration of the motion are true and complete and ask that action on their emergency motion be taken by October 10, 2024—fourteen days after entry of the order and the date by which Appellees intend to file a motion for rehearing and rehearing *en banc*. All relevant orders or other rulings as well as copies of all relevant pleadings, briefs, memoranda, or other papers filed by all parties are filed with this motion.

## ARGUMENT: RECALL OF THE MANDATE IS REQUIRED

The panel's decision orders the district court to "REMAND to the state court from which this case was removed." Exhibit B. That directive exceeds the appellate jurisdiction the panel because the case is before this Court on an interlocutory appeal. Further, the order contravenes binding authority of this Court. And, finally, the order stands in defiance of the decision and judgment by the U.S. Supreme Court which directed Appellees be permitted to amend their complaint in this federal action and ordered "further proceedings <u>consistent with the opinion of [the U.S. Supreme] Court</u>."

Because the panel simultaneously directed that the mandate for the decision be issued, emergency relief to recall that mandate is required so Appellees are afforded the opportunity to challenge the panel's decision in this Court.

**I.    The Panel Had No Jurisdiction To Order This Matter Remanded To Texas State Court *Or* To Thwart The Jurisdiction Of The District Court.**

The appellate jurisdiction exercised by the panel in interlocutory appeal under 28 U.S.C. § 1292(b) is "confined to the particular order appealed from." *Hernandez v. Results*

3

*Staffing, Inc.*, 907 F.3d 354, 363 (5th Cir. 2018) (quoting *United States v. Stanley*, 483 U.S. 669, 677 (1987)). Some—but not all—<u>federal</u> claims were at issue in the interlocutory appeal.[2] And those claims, which provide <u>federal</u> subject matter jurisdiction, exist outside the scope of this interlocutory appeal.

The panel's order went beyond its jurisdictional power by requiring the case be remanded to state court and, thereby, incorrectly *de facto* dismissing on jurisdictional grounds Appellees' <u>other federal claims</u> under the Fourteenth Amendment which were not the subject of, addressed in, or impacted by the interlocutory order that the panel reviewed. *Cf. Poretto v. City of Galveston Park Bd. Of Trustees*, 113 F.4th 469, 488-89 (5th Cir. 2024) (allegations of state actor denying rights in violation of Fourteenth Amendment provides federal question jurisdiction). This panel's resolution of Appellees' claims not encompassed in the scope of the interlocutory order before it went well beyond its jurisdiction in this appeal. *See United States ex rel. Simoneaux v. E.I. duPont de Nemours & Co.*, 843 F.3d 1033, 1041–42 (5th Cir. 2016) (court of appeals has no jurisdiction over a claim not raised in the district court); *United States ex rel. Bain v. Georgia Gulf Corp.*, 386 F.3d 648, 658 (5th Cir. 2004) (court of appeals has no jurisdiction over claim not yet ruled on by the district court). The panel's instruction to remand this

---

[2] Of course, the claim that was the actual focus of the appeal and U.S. Supreme Court opinion, itself, is a federal claim without doubt. That claim, after vacatur us this Court's judgment, exists and remains and, standing alone, provides subject matter jurisdiction to the district court. But, ignoring that, other federal claims exist—outside the scope of this interlocutory appeal. And the panel, like it did in its first opinion (later replaced, Doc. 0051603930), seems to have overlooked that.

4

case overlooks the partial aspect of the interlocutory appeal and the jurisdictional limitation it placed on any panel ruling. Because there was no challenge to plaintiffs' federal due process claims raised below, and no question of their validity is addressed or implicated by the order as to which review was granted, the panel had no jurisdiction to *sua sponte* dismiss plaintiffs' remaining federal claims which independently provide federal question jurisdiction and preclude any <u>order</u> that the action be remanded to state court. *Pickett v. Texas Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1019 (5th Cir. 2022).

The panel's order thus repeats the error in its Opinion of November 23, 2022 (Exhibit C, Doc. 00516555481), where the panel likewise ordered the district court to remand this action to state court. As it should be here, that error was corrected after Appellees and the State of Texas explained "why the parties have agreed throughout this litigation that 28 U.S.C. section 1331 supplies the federal courts with jurisdiction." Exhibit D, *Defendant-Appellant The State of Texas's Petition for Rehearing En Banc*, Doc. 00516586736 (filed Dec. 21, 2022). As the State (correctly) explained in 2022:

> "[T]he panel ordered the district court to remand the case to state court even though there are additional federal causes of action still pending in the district court. These claims were not part of this permissive interlocutory appeal, but they independently support federal-question jurisdiction (and supplemental jurisdiction over plaintiffs' state-law takings claims). Requiring their remand ignores the well-established principle that a single federal claim gives rise to federal subject-matter jurisdiction. That principle is recognized in myriad decisions of the Supreme Court and this one. Yet the panel held that the district court must remand the case, including the as-yet unadjudicated federal claims, to state court.

Exhibit D, *Texas's Petition for Rehearing En Banc*, at ii. Nothing has changed since 2022 to alter the federal subject matter jurisdiction of the district court over this action. And the mandate should be recalled to correct, again, the "novel holding unsupported by precedent [which] threatens confusion for district courts and litigants throughout the circuit." Exhibit D, *Texas's Petition for Rehearing En Banc*, at iii.

Likewise, not before the panel, but implicitly decided by it, is the district court's discretionary exercise of supplemental jurisdiction under 28 U.S.C. § 1367. Section 1367 bestows on a federal district court supplemental jurisdiction over state law claims <u>even after</u> it has dismissed every claim over which it had original jurisdiction. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009); *see also Osborn v. Haley,* 549 U.S. 225, 245 (2007) ("Even if only state-law claims remained after resolution of the federal question, the District Court would have discretion, consistent with Article III, to retain jurisdiction."). Thus, even if the panel decided to reverse the district court's denial of the State's motion to dismiss <u>and</u> even if the panel had the power to *sua sponte* dismiss <u>all</u> of Appellees' other federal claims that were not the subject of the order before it, the panel <u>lacked</u> the authority to remove from the district court the discretionary jurisdiction granted it by Congress under § 1367. As the Supreme Court stated in *Carlsbad Technology*, "§§ 1367(a) and (c) provide a basis for subject-matter jurisdiction over any properly removed state claim." 556 U.S. at 641; *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental

6

jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims."). The panel's directive that the district court <u>must</u> remand <u>all</u> Appellees' claims is a jurisdictional overreach which requires recall of the mandate to correct. *See also* Exhibit D, *Texas's Petition for Rehearing En* Banc, at ii-iii (noting that "although district courts ordinarily have discretion to exercise supplemental jurisdiction over state law claims even after federal claims are dismissed, *see City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–74 (1997), the opinion takes that discretion away from the district court").

**II.    The Panel Order Conflicts With The Mandate Of The Supreme Court.**

It is axiomatic that a federal court of appeals is bound to follow a decision of the U.S. Supreme Court "unless and until the Supreme Court itself overrules that decision." *U.S. v. Thomas*, 242 F.3d 1028, 1035 (11th Cir. 2001); *see also Consumers' Rsch. v. Consumer Prod. Safety Comm'n*, 91 F.4th 342, 355 (5th Cir. 2024) (noting the Supreme Court's decisions are binding precedent "until it sees fit to reconsider them"). Yet the panel's order contravenes the judgment of the U.S. Supreme Court in this very case.

In *DeVillier v. Texas*, the Supreme Court vacated the panel's prior opinion and remanded the case "for further proceedings <u>consistent with this opinion</u>." 601 U.S. at 293 (emphasis added); *see also* Exhibit A (judgment of the Court). By vacating this Court's prior decision, the Supreme Court left intact the district court's order which denied the State's motion to dismiss Appellees federal Takings Clause claim. In effect, the U.S. Supreme Court eliminated the effect of this interlocutory appeal. And the U.S. Supreme Court's order to this Court to conduct "further proceedings <u>consistent with</u>

7

[its] opinion," provided the panel no license to diverge and, in effect, decree there exists a lack of federal jurisdiction.

Most importantly, the Court's opinion mandates Appellees be permitted, on remand, to amend their complaint "to pursue their claims under the Takings Clause through the cause of action available under Texas law." *Id.* The panel's order requiring the district court to remand the case expunges this part of the opinion, effectively ignoring the Court's decision and direction for the case on remand to the federal district court. Again, recall of the mandate is required to correct this outcome.

And finally, the mandate of the Supreme Court <u>itself</u> provides Appellees an <u>additional</u> basis for subject matter jurisdiction. The "state-law inverse-condemnation cause of action" that the Court mandated Appellees be permitted to prosecute "provides a vehicle for takings claims based on both the Texas Constitution and the Takings Clause." *DeVillier*, 601 U.S. at 293 ("On remand, DeVillier and the other property owners should be permitted to pursue their claims <u>under the Takings Clause</u> through the cause of action available under Texas law.") (emphasis added). As such, that state inverse condemnation suit—based on the federal Takings Clause—"arises under" federal law. *See Knick v. Twp. of Scott, Pennsylvania*, 588 U.S. 180, 201 (2019) (state inverse condemnation action serves as "a remedy for a taking that violated the Constitution"); *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) (federal question jurisdiction encompasses state-law claims that "really and substantially involve a dispute or controversy respecting the validity, construction or

effect of federal law") (cleaned up, citing *Shulthis v. McDougal*, 225 U.S. 561, 569 (1912)); *see also Osborn v. Bank of United States*, 22 U.S. 738, 822 (1824) ("If it be a sufficient foundation for jurisdiction, that the title or right set up by the party, may be defeated by one construction of the constitution or law of the United States, and sustained by the opposite construction, provided the facts necessary to support the action be made out, then all the other questions must be decided as incidental to this, which gives that jurisdiction.").

## III.    Conclusion.

The panel, as it did when it first handled this case, has acted beyond its jurisdictional authority and attempts to force remand of Appellees' claims to the four different Texas state courts from which they were removed by the State of Texas. And the panel's immediate issuance of the mandate to implement its desired outcome requires this emergency motion and expedited relief to prevent irreparable harm to Appellees. The emergency motion to recall the mandate should be granted.

Dated: September 27, 2024            Respectfully submitted,

/s/ *Daniel H. Charest*
Daniel H. Charest
E. Lawrence Vincent
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
dcharest@burnscharest.com
lvincent@burnscharest.com

9

Charles Irvine
IRVINE & CONNER PLLC
4709 Austin Street
Houston, Texas 77004
Telephone: (713) 553-1704
charles@irvineconner.com

Counsel for Plaintiffs-Appellees

## CERTIFICATE OF COMPLIANCE AND FACT CERTIFICATION

The foregoing complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 2,661 words, excluding the parts exempted by Rule 32(f); and complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) as it has been prepared in a proportionally spaced typeface (14-point Garamond) using Microsoft Word (the same program used to calculate the word count).

Plaintiffs-Appellees certify that they have contacted the Clerk of this Court to alert them to the filing of this motion. Plaintiffs-Appellees further certify that they have contacted Defendant-Appellant the State of Texas on September 27, 2024. Defendant-Appellant has indicated it will file an opposition.

And I certify under penalty of perjury that that the facts supporting emergency consideration of the motion are true and complete.

*/s/ E. Lawrence Vincent*
E. Lawrence Vincent

## CERTIFICATE OF SERVICE

On September 27, 2024, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Malwarebytes and is free of viruses.

*/s/ Daniel H. Charest*
Daniel H. Charest
