

# KEN PAXTON
## ATTORNEY GENERAL OF TEXAS

AARON L. NIELSON
Solicitor General

(512) 936-2834
Aaron.Nielson@oag.texas.gov

October 10, 2024

**Via CM/ECF**

Lyle W. Cayce, Clerk
U.S. Court of Appeals for the Fifth Circuit

**Re: No. 21-40750, *DeVillier v. Texas***

Dear Mr. Cayce:

I write in response to this Court's request for letter briefing regarding its September 26, 2024 Order remanding this case to the district court with instructions to further remand to state court. Consistent with this Court's panel decision and the Supreme Court's decision, this Court should remand this case to the district court with instructions to (1) dismiss causes of action supposedly created by the U.S. Constitution itself and (2) allow Plaintiffs to amend their complaint to allege an additional state-law cause of action. After it dismisses Plaintiffs' (nonexistent) federal causes of action, the district court can determine whether to remand this entire suit to state court.

## BACKGROUND

Plaintiffs initially filed four separate cases in state court. Texas removed them to federal court because Plaintiffs alleged that the U.S. Constitution itself creates a federal cause of action for takings. *See* ROA.68-69. Plaintiffs also alleged state causes of action for alleged violations of the Texas Constitution. *See* ROA.85-92. Upon removal, the district court consolidated these cases and Plaintiffs filed an amended complaint alleging claims under the Fourteenth Amendment's Due Process Clause and the Fifth Amendment's Takings Clause (as incorporated through the Fourteenth Amendment). *See* ROA.906, 919. Plaintiffs' theory was that it does not matter that Congress has not enacted federal statutory causes of action for these alleged federal constitutional violations because the U.S. Constitution, of its own force, creates such causes of action. *See, e.g.*, ROA.941.

Page 2

In the district court, Texas moved for judgment on the pleadings as to Plaintiffs' Fifth Amendment takings claims on the ground that Congress has not enacted a federal cause of action against the States (as opposed to municipalities and individuals). *See* ROA.1203, 1211. The district court denied Texas's motion but allowed an interlocutory appeal. *See* ROA.1203, 1291, 1380.

In this Court, Texas again argued that Plaintiffs lack a federal cause of action to sue the State for compensation under the Fourteenth Amendment based on an alleged Fifth Amendment taking. True, the Texas Supreme Court, as a common-law court, has recognized a state cause of action to seek compensation for a taking. *See Devillier v. Texas*, 53 F.4th 904, 904 n.2 (5th Cir. 2023) (per curiam), *vacated and remanded*, 601 U.S. 285 (2024) (citing, *inter alia*, *City of Baytown v. Schrock*, 645 S.W.3d 174, 178 (Tex. 2022)); *see also Brown v. De La Cruz*, 156 S.W.3d 560, 563 n.14 (Tex. 2004) (recognizing that it can be "proper" for Texas's "common-law courts to create causes of action when federal tribunals should not"). But "[f]ederal courts, unlike state courts, are not general common law courts," *City of Milwaukee v. Illinois*, 451 U.S. 304, 312 (1981), and the U.S. Constitution itself does not create a cause of action, *see* Tex.Open.Br.23-29.

As Texas further explained, Plaintiffs could not identify any federal statute authorizing them to sue a State to enforce the Fifth Amendment's Takings Clause. *See* Tex.Open.Br.14. The Supreme Court has held that, unlike local governments, States are not "persons" within the meaning of 42 U.S.C. §1983—regardless of whether the claim is pursued in state or federal court. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The question before this Court accordingly was whether, despite the absence of an express federal statutory cause of action, Plaintiffs could pursue an implied cause of action directly under the U.S. Constitution. Texas argued that, under foundational separation-of-powers principles, the answer to that question must be no.

This Court agreed that no such implied constitutional cause of action exists, holding that "the Fifth Amendment Takings Clause as applied to the states through the Fourteenth Amendment does not provide a right of action for takings claims against a state." *DeVillier*, 53 F.4th at 904. The Court explained that, under *Hernandez v. Mesa*, "a federal court's authority to recognize a damages remedy must rest at bottom on a statute enacted by Congress." *Id.* at 904 n.1 (quoting 589 U.S. 93, 101 (2020)). It also noted that, even before *Hernandez*, the Ninth Circuit had held

Page 3

that "a takings plaintiff has 'no cause of action directly under the United States Constitution.'" *Id.* (quoting *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992)).

This Court initially concluded that the absence of a cause of action against Texas under §1983 deprived the Court of jurisdiction. *See Devillier v. Texas*, No. 21-40750, 2022 U.S. App. LEXIS 32519, at *1 (5th Cir. Nov. 23, 2022) (per curiam). But, as Texas explained at the rehearing stage, the absence of a federal cause of action is a merits issue, not a jurisdictional issue. *See* Tex.Rehearing.Br.5-8. The Court agreed and held that Plaintiffs' nonexistent federal cause of action for takings should be dismissed on the merits, *DeVillier*, 53 F.4th at 904, thus leaving Plaintiffs with only their state-law claims for takings under the Texas Constitution and their (supposed) federal Due Process Clause cause of action under the U.S. Constitution.

The Court later denied rehearing en banc. *See Devillier v. Texas*, 63 F.4th 416, 417 (5th Cir. 2023) (per curiam). Concurring, Judge Higginbotham explained that neither the Fifth Amendment's Takings Clause nor §1983 provides a federal cause of action for takings claims against States. *Id.* (Higginbotham, J., concurring in denial of rehearing en banc). In the absence of a federal cause of action, "[t]he pathway for enforcement in takings by the state is ... through the state courts to the Supreme Court." *Id.* Because "[t]he Supreme Court of Texas recognizes takings claims under the federal and state constitutions," Texas fulfills its "obligations under the Takings Clause for takings by the state." *Id.* at 417 n.2, 418. Recognizing an implied cause of action "would reflect a distrust of the state courts" who "take the same oath to faithfully apply the law as do federal judges." *Id.* at 419. Thus, whether there should be a federal cause of action to enforce the Fifth Amendment's Takings Clause is a question that the Constitution leaves to "Congress," which "wrote § 1983" but declined to allow suits against the States. *Id.* at 420.

Making similar points in his concurrence, Judge Higginson explained that federal courts cannot recognize "an implied cause of action in the Fifth and Fourteenth Amendments for [takings] claims ...." *Id.* (Higginson, J., concurring in denial of rehearing en banc). He noted also that the Supreme Court has "agreed that 'the Constitution did not expressly create a right of action when it mandated just compensation for Government takings of private property for public use.'" *Id.* (quoting *Me. Cmty. Health Options v. United States*, 590 U.S. 296, 323 n.12 (2020)). He observed too that even if a federal court, rather than Congress, could create such

Page 4

a federal cause of action, it would hardly follow that such a cause of action would be "incorporated" against the States "through the Fourteenth Amendment." *Id.* at 421-22.

The Supreme Court granted certiorari to consider whether the Fifth Amendment's Takings Clause itself creates a federal cause of action for takings. "Constitutional rights," however, "do not typically come with a built-in cause of action" but instead "are generally invoked defensively" absent "an independent cause of action designed for that purpose" by Congress or by state law. *DeVillier*, 601 U.S. at 291. Invoking *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles*, 482 U.S. 304 (1987), Plaintiffs argued that the Takings Clause is an "exception" to that rule because "the Takings Clause creates by its own force a cause of action authorizing suits for just compensation," *Devillier*, 601 U.S. at 286. The Court made short work of that argument, explaining that "*First English* itself proceeded under a state-law cause of action." *Id.* at 291. Indeed, not one of the many cases cited by Plaintiffs holds that the U.S. Constitution itself "creates a cause of action for damages" against the States. *Id.* at 292. To the contrary, because "constitutional concerns do not arise when property owners have other ways to seek just compensation," which overwhelmingly is the case across the United States, the Supreme Court has never squarely confronted "whether a plaintiff has a cause of action arising directly under the Takings Clause." *Id.*; *see also DeVillier*, 63 F.4th at 424 (Higginson, J., concurring in denial of rehearing en banc) ("[A] procedural vehicle exists in every state's law to enforce takings claims." (citing *Knick v. Twp. of Scott*, 588 U.S. 180, 186 & n.1 (2019))).

The Supreme Court concluded that it need not reach that question in this case because Plaintiffs grounded their certiorari petition on the "premise" that they have no "cause of action." *DeVillier*, 601 U.S. at 292-93. Yet "[t]he premise that Texas left DeVillier with no cause of action to obtain the just compensation guaranteed by the Takings Clause does not hold" because "Texas state law provides a cause of action by which property owners may seek just compensation against the State." *Id.* at 293 (citing *City of Baytown*, 645 S.W.3d at 174). And because States have "a coordinate responsibility to enforce the Constitution," federal courts "should not assume the States will refuse to honor the Constitution," including when the States apply "their regular modes of procedure." *Id.* at 292-93 (cleaned up). Put simply, where, as here, a State provides a cause of action for alleged federal takings, no

Page 5

"constitutional concerns" exist, and plaintiffs must use that state cause of action. *Id.* at 292.

Finally, the Supreme Court explained that although "proceeding under the state-law cause of action would require an amendment to the complaint," Texas "assured the Court that it would not oppose any attempt by DeVillier and the other petitioners to seek one." *Id.* at 293. Texas, of course, could not reasonably oppose such an amendment because Federal Rule of Civil Procedure 15(a)(2) directs that leave to amend should be given freely and because this suit is both interlocutory and pre-trial. The Court accordingly concluded that "[o]n remand, DeVillier and the other property owners should be permitted to pursue their claims under the Takings Clause through the cause of action available under Texas law." *Id.*

Considering Texas's assurance that Plaintiffs could amend their complaint, the Supreme Court vacated this Court's judgment and remanded for "further proceedings consistent with [its] opinion." *Id.*

## ARGUMENT

The Supreme Court did not agree with any of Plaintiffs' arguments. It explained that (1) even self-executing constitutional rights like the Takings Clause do not necessarily come with their own federal causes of action; (2) *First English*—Plaintiffs' primary authority—does not hold that the Takings Clause creates a federal cause of action for takings; and, critically, (3) "constitutional concerns do not arise when property owners have other ways to seek just compensation," including via state causes of action. *Id.* at 291-92. The Court also concluded that the "premise" of Plaintiffs' certiorari pleadings was false because Texas already provides a state cause of action to vindicate such takings claims, *id.* at 293—just as Judge Higginbotham explained, *see DeVillier*, 63 F.4th at 417 n.2 (Higginbotham, J., concurring in denial of rehearing en banc) (citing, *inter alia*, *City of Baytown*, 645 S.W.3d 174). The Supreme Court expressed no dissatisfaction with this Court's analysis, much less did it vacate that analysis.

Under this Court's rule of orderliness, where the Supreme Court does not reverse aspects of one of this Court's decisions, those aspects remain precedential. *See, e.g.*, *Data Mktg. P'ship, LP v. U.S. Dep't of Lab.*, 45 F.4th 846, 856 n.2 (5th Cir. 2022) (collecting cases). Here, the Supreme Court did not reverse this Court's decision but instead faulted Plaintiffs for resting their arguments on a demonstrably

Page 6

erroneous premise. The Supreme Court only vacated this Court's judgment to allow Plaintiffs to amend their complaint to belatedly raise an additional state cause of action.

Even putting the rule of orderliness aside, not only did the Supreme Court not reverse this Court's judgment, but it affirmatively held that "constitutional concerns do not arise" where, as here, States provide a cause of action for takings claims. *DeVillier*, 601 U.S. at 292. Given that holding, the only way to read the Supreme Court's decision is as a vindication of this Court's analysis. It is thus further settled that where a state cause of action exists to vindicate federal rights, plaintiffs must use it and cannot attempt to rely on an implied federal cause of action. *Cf. Wilson v. Midland County*, No. 22-50998, 2024 WL 4178185, at *9 (5th Cir. Sept. 13, 2024) (en banc) (faulting §1983 plaintiff for not pursuing available state remedy); *id.* at *15 (Haynes, J., concurring in part) (emphasizing that the plaintiff must "pursue favorable termination through state habeas proceedings").

Accordingly, this Court should order the district court to conduct "further proceedings consistent with [the Supreme Court's] opinion." *DeVillier*, 601 U.S. at 293. This means:

- The Court, consistent with the panel's decision and the Supreme Court's decision, should order the district court to dismiss Plaintiffs' alleged federal cause of action for takings damages because that cause of action cannot exist where, as here, a State provides its own cause of action for takings;[1] and

- The Court should order the district court to allow the Plaintiffs to amend their complaint to allege a takings claim under Texas's state cause of action.

Once all federal causes of action are dismissed, the district court should determine whether federal subject-matter jurisdiction exists for Plaintiffs' state

---

[1] To expedite resolution of this case, the Court could also direct the district court to dismiss Plaintiffs' alleged federal cause of action under the Fourteenth Amendment's Due Process Clause for the same reasons the district court must dismiss their alleged federal cause of action under the Takings Clause.

Page 7

causes of action. In doing so, it might choose to hold this case in abeyance pending the Supreme Court's decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, No. 23-677 (U.S. Apr. 29, 2024) (granting petition for a writ of certiorari), which was argued this week and, although arising in an admittedly different posture, may shed light on whether federal jurisdiction exists once all federal causes of action are dismissed.

Respectfully submitted.

/s/ Aaron L. Nielson

Aaron L. Nielson
Solicitor General

cc: all counsel of record (via e-mail)