**burns charest llp**

Daniel H. Charest
dcharest@burnscharest.com

October 10, 2024

Lyle W. Cayce
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 South Maestri Place, Suite 115
New Orleans, Louisiana 70130

Re:   *Devillier, et al. v. Texas*, No. 21-40750—Letter Brief of Remand

Dear Mr. Cayce:

On September 30, 2024, the Court granted Appellees' motion to recall the mandate and ordered the parties to submit "letter briefs . . . explaining what this Court should now do in light of the Supreme Court's decision." Appellees submit this letter brief in accord with that order.

1. **The Court should remand to the District Court for further proceedings consistent with the opinion of the Supreme Court.**

Appellees' position is simple.

The Supreme Court remanded the case to this Court "for further proceedings consistent with the opinion of [the Supreme] Court." And this Court should follow form by remanding to the District Court for further proceedings consistent with the opinion of the Supreme Court, to wit:

> The United States Supreme Court vacated the judgment of this court and remanded for further proceedings. See Devillier v. Texas, 601 U.S. 285 (2024). In light of the Supreme Court's decision, we REMAND to the District Court for further proceedings consistent with the opinion of the Supreme Court ~~with instructions to REMAND to the state court from which this case was removed~~.

Whatever argument either side has about the impact of the Supreme Court's opinion, this Court is best served by allowing those issues to be developed and tested below and, if and when ready for review, addressing the parties' arguments on a complete record and briefing rather than in the abstract. A simple remand to the District Court for further proceedings adheres not only to well respected notions of appellate restraint and avoidance of advisory opinions but also to the Supreme Court's opinion and judgment.

2. **Limiting Appellees' claims now would contravene the opinion of the Supreme Court.**

The State of Texas may ask this Court to eliminate or otherwise adjudicate some of Appellees' claims <u>before</u> remanding this case. This Court should decline any such invitation. The State of Texas' view is wrong and, if adopted, would be inconsistent with the Supreme Court's opinion (and, therefore, in violation of the Supreme Court's judgment).

As an initial matter, it is important to appreciate what the Supreme Court did not do. <u>The Supreme Court did not eliminate Appellees' Fifth Amendment Takings Clause claim</u>. To the contrary, the Supreme Court noted its precedent left open the question of "whether a plaintiff has a cause of action

Lyle W. Cayce
October 10, 2024
Page 2

arising directly under the Takings Clause" and expressly declined to reach that issue because "this case does not require [the Supreme Court] to resolve that question." *DeVillier*, 601 U.S. at 293. From there, the Supreme Court vacated this Court's opinion, which had eliminated Appellees' claim under the U.S. Constitution. The Supreme Court's vacatur left Appellees' Takings Clause claim intact.[1] But that is not all the Supreme Court did.

The operative part of the Supreme Court opinion instructed that, "[o]n remand, DeVillier and the other property owners should be permitted to pursue their claims under the Takings Clause through the cause of action available under Texas law." *DeVillier*, 601 U.S. at 293. The claim that the Supreme Court referenced was a "state-law inverse-condemnation cause of action provid[ing] a vehicle for takings claims based on both the Texas Constitution and the Takings Clause." *DeVillier*, 601 U.S. at 293. That claim (based on the representation of the State of Texas) is congruent with the rights afforded in the federal Takings Clause, however the source of law (again based on the representation of the State of Texas) is Texas law, not federal law.

The Supreme Court did not eliminate Appellee's claim under the Takings Clause. Rather, it vacated this Court's opinion to that effect and allowed Appellees to add—not substitute—a claim for relief under Texas law that provides the same rights and relief as provided under the Takings Clause, i.e., "claims under the Takings Clause through the cause of action available under Texas law." *DeVillier*, 601 U.S. at 293. Narrowing Appellees' claims now would contravene the Supreme Court's opinion.

**3.    Remanding without further determinations makes procedural and pragmatic sense.**

This appeal is interlocutory and, by agreement of the parties did not stay the action below. Because of this, the District Court has already granted Appellees' motion to file—and Appellees have filed—an amended complaint that added a Texas state common law cause of action (citing *Baytown* v. *Schrock*, 645 S. W. 3d 174 (Tex. 2022), which the State of Texas referenced during Supreme Court argument) to its prior existing claims. *See* Exhibit A (Minute Entry of September 6, 2024); Exhibit B (ECF 162, Plaintiffs' Second Amended Master Complaint, filed September 9, 2024 ("COUNT 6: State Common Law Cause of Action Seeking Just Compensation for Violation of the Fifth Amendment to the United States Constitution.")). Appellees are prepared to move forward on the amended complaint. Remand for further proceedings is all the Court need—and should—do to allow the case to proceed to a rapid conclusion.

During pendency of this interlocutory appeal, the parties prepared the case for trial. They completed discovery (both fact and expert), briefed and participated in an evidentiary hearing on Appellees' motion for class certification, and briefed dispositive motions (filed by both sides). Class certification and the dueling motions for partial summary judgment are ripe for determination. Following those rulings, the resulting case is ready to be tried.

---

[1] The vacatur of this Court's prior opinion leaves that decision "without effect." *Charles v. Grief*, 512 F.3d 753, 754 (5th Cir. 2008); *see also Bowers v. U.S. Bd. of Parole*, 544 F.2d 898, 900 (5th Cir. 1977) (vacated decision is "without any precedential effect").

Lyle W. Cayce
October 10, 2024
Page 3

A simple remand of the case will allow the matter to proceed to trial then judgment, followed by a direct appeal on a complete record. The District Court is in a position to adjudicate all claims Appellees have brought <u>and</u> provide a complete record for any subsequent appeal. Notions of appellate restraint and preference for review from a developed record all support a simple remand without more. *See Abbott Lab'ys v. Dey, L.P.*, No. 00 C 1725, 2001 WL 558142, at *1 (N.D. Ill. May 21, 2001) (noting "it is no doubt preferable for the Court of Appeals to review a complete record as opposed to an interlocutory ruling"), *vacated and remanded on other grounds*, 287 F.3d 1097 (Fed. Cir. 2002); *see also United States v. Sheperd*, 27 F.4th 1075, 1084 (5th Cir. 2022) (remanding case to allow the district court to more-fully develop the record); *Martinez v. Lueva*, 174 Fed. App'x 235, 237 (5th Cir. 2006) (remanding case where the appellate record was inadequate for the court to conduct a meaningful appellate review of the issue presented); *United States v. Glover*, 80 Fed. App'x 930, 931 (5th Cir. 2003) (remanding case where "it appeared that the district court did not address the merits of this issue below").

4.   **Remand should be to the District Court, not to the state courts.**

The Southern District of Texas is the proper tribunal to adjudicate this case. Remand to the various state courts from which this consolidated action was removed would be improper and beyond this Court's jurisdiction to order. The Supreme Court opinion did nothing to disturb Appellees' claims for relief under the procedural and substantive due process guarantees of the Fourteenth Amendment (Counts 3 and 4). Those claims, which the State's motion to dismiss never challenged, provide a basis for subject matter jurisdiction <u>independent</u> of the federal Takings Clause claim and are beyond the jurisdiction of this Court's review in this limited interlocutory appeal. *Adkinson v. Int'l Harvester Co.*, 975 F.2d 208, 212 n.4 (5th Cir. 1992). As such, those claims provide an independent basis for the District Court to carry out its "virtually unflagging obligation to hear and resolve questions properly before it." *Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 240 (2024).

The Supreme Court's opinion further supports the finding of federal subject matter jurisdiction over this case. The newly added Count 6 (Texas common law cause of action based on Takings Clause jurisprudence) is an action based on the federal Takings Clause which "arises under" federal law. *See Knick v. Twp. of Scott, Pennsylvania*, 588 U.S. 180, 201 (2019) (state inverse condemnation action serves as "a remedy for a taking that violated the Constitution"); *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) (federal question jurisdiction encompasses state-law claims that "really and substantially involve a dispute or controversy respecting the validity, construction or effect of federal law") (cleaned up, citing *Shulthis v. McDougal*, 225 U.S. 561, 569 (1912)); *see also Osborn v. Bank of United States*, 22 U.S. 738, 822 (1824) ("If it be a sufficient foundation for jurisdiction, that the title or right set up by the party, may be defeated by one construction of the constitution or law of the United States, and sustained by the opposite construction, provided the facts necessary to support the action be made out, then all the other questions must be decided as incidental to this, which gives that jurisdiction.").

5.   **Eliminating Appellee's Takings Clause claim now could unfairly (and unnecessarily) prejudice Appellees.**

If the Court were to eliminate the federal Takings Clause claim (which Appellees understand the State of Texas urges), that would not only contradict the Supreme Court's opinion but also unfairly (and unnecessarily) prejudice Appellees. The State of Texas—as a litigant—made representations to the Supreme Court about how Texas law works. The Supreme Court accepted the representation the State

Lyle W. Cayce
October 10, 2024
Page 4

of Texas—again as a litigant—would not oppose amendment to articulate an additional claim under Texas law adjudicated pursuant to the jurisprudence applied to determine a federal Takings Claim. But the State of Texas is only a litigant. And, while a litigant can waive a litigation position, it cannot dictate the law.

Whether Texas courts agree with the State of Texas' articulation of the law remains uncertain. And this Court, without a complete record before it, is not in a position to adjudicate that issue either. Nor should it reach the question or certify it to the Texas Supreme Court. Just as it was before the Supreme Court, the question simply is not ripe for determination. Remanding to the District Court will allow development of the record and crystallization of whether an answer to the question actually matters.

On remand the District Court will preside over Appellees' prosecution of Count 2 (asserting a federal Takings Clause claim) and Count 6 (Texas common law cause of action based on the Takings Clause). As the two claims pertain to identical rights, the arguments and evidence presented in support of these claims will be the same. Perhaps the source of law will matter. Perhaps not. In addition, Appellees will pursue Count 1 (takings under the Texas Constitution). Perhaps the Texas constitutional claim will pretermit or supplant relief under either variant of the Takings Clause claim. Perhaps not.

Allowing the process to play out in the trial court will allow development of evidence and arguments to support or refute the scope of the Texas common law claim and whether, in application, that claim is coterminous with federal Fifth Amendment rights. But it may not matter at all. In that situation, the question would not require appellate review (whether by this Court, through certification to the Texas Supreme Court, or by the Supreme Court). And that is why the Court should not reach the issue now.

The Supreme Court has already said that, with the addition of a Texas common law claim based on the Takings Clause, the question of "whether a plaintiff has a cause of action arising directly under the Takings Clause" is not necessary for decision. And, in the fullness of time, it may never become necessary. The Court need not reach this question (or look elsewhere for help to define Texas law) until such time as a distinction (if any) between Count 2 (Takings Clause) and Count 6 (Texas common law recognition of the Takings Clause) is developed and actually matters. Only then will the issue be ripe for appellate review.

*    *    *    *    *

There is no need for—or benefit from—this Court going where the Supreme Court declined to go. The appellate process is best served by reaching only questions necessary for adjudication. Addressing the question the Supreme Court did not reach is exactly what this Court should <u>not</u> do.

By contrast, remanding for further proceedings consistent with the Supreme Court opinion honors the Supreme Court's opinion, avoids potential pitfalls, and permits development of a full record for future appeals if and when the issue becomes necessary for decision. This Court should remand to the District Court for further proceedings consistent with the Supreme Court's opinion and nothing more.

Respectfully Submitted,

Daniel H. Charest
E. Lawrence Vincent
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
dcharest@burnscharest.com
lvincent@burnscharest.com

Charles Irvine
IRVINE & CONNER PLLC
4709 Austin Street
Houston, Texas 77004
Telephone: (713) 553-1704
charles@irvineconner.com

Counsel for Plaintiffs-Appellees

Cc:    All Counsel of Record (via CM/ECF)

## CERTIFICATE OF SERVICE

On October 11, 2024, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Malwarebytes and is free of viruses.

Daniel H. Charest