United States Court of Appeals
for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
November 13, 2024
Lyle W. Cayce
Clerk

No. 21-40750

Richard Devillier; Wendy Devillier; Steven Devillier;
Rhonda Devillier; Barbara Devillier; Et al.,

*Plaintiffs—Appellees,*

versus

State of Texas,

*Defendant—Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. 3:20-CV-223, 3:20-CV-379,
3:21-CV-104, 4:21-CV-1521

_____

PUBLISHED ORDER

Before Higginbotham, Southwick, and Higginson, *Circuit Judges*.

Per Curiam:

The United States Supreme Court vacated the judgment of this court and remanded for further proceedings. *See DeVillier v. Texas*, 601 U.S. 285 (2024). On September 26, 2024, we remanded to the district court with instructions to remand to state court. On reconsideration, we withdraw that order. We now REMAND to the district court for further proceedings

No. 21-40750

consistent with the decision of the Supreme Court. The withdrawal of our previous order should not be interpreted as a rejection of the validity of returning the litigation to state court. Instead, it leaves that decision to the district court.

No. 21-40750

Patrick E. Higginbotham, *Circuit Judge*, concurring:

These currently consolidated individual cases should be returned to the individual state courts from which they came and proceed under state processes—while still respecting the earlier consolidations made under state law. Any other path shadows the High Court.[1]

At the outset, it is important to recount the procedural history of these cases. In response to the flooding caused by the Texas Department of Transportation, affected landowners sought compensation in four separate class actions across Chambers, Liberty, and Jefferson counties.[2] Pursuing a distinct agenda, the State of Texas removed the cases to federal court. In short, the presence of these Plaintiffs in federal court came not by their own hands, but by the State's pursuit of a distinct goal.

Following removal to the district court, the four groups of Plaintiffs and the State of Texas moved under the federal rules to consolidate the four cases into one suit. This motion was granted by the Magistrate Judge. But then the Supreme Court in a unanimous opinion recognized that it need not decide the issue on which the state's removal was based because Texas law provided the landowners the protection of the Fifth Amendment.

Yet, although not here by their own choice, the Plaintiffs now prefer to remain in federal court with their state law claims. But that preference is not dispositive. It is now settled that in providing rights of action for takings

---

[1] *See DeVillier v. Texas*, 601 U.S. 285 (2024).

[2] The Plaintiffs filed four separate class actions under Tex. R. Civ. P. 42. The classes were never certified.

by the state, Texas is discharging its obligations under the Fifth Amendment and the state removal is now without jurisdictional legs to stand on.[3]

So, the parties argue that the district court should exercise supplemental jurisdiction. This important tool of judicial efficiency has four exceptions: when a claim raises a novel or complex issue of state law, when a claim substantially predominates over other claims, when the district court has dismissed all claims over which it has original jurisdiction, and when "exceptional circumstances" are present and provide compelling reasons for declining jurisdiction.[4]

To these eyes, the § 1367(c) exceptions stand in the way of supplemental jurisdiction. The issues of Texas law remain both controlling and complex, as its law of inverse condemnation here is uncertain in its application and retaining the cases places the district court in the position of either making an *Erie* guess or certifying questions of law to the state court. This is the first trip on the new path—one Texas has provided through a right of action that honors its obligations under the Fifth Amendment. It cannot be gainsaid that its courts are equipped to vindicate the litigant's rights.[5]

A unanimous Supreme Court has relied upon the state pathway, enabling it to not reach the difficult issue of implied federal jurisdiction. As its decision makes plain, this pathway—available to all states—is in classic service of federalism. It would be perverse to not return these cases to the

---

[3] *See DeVillier*, 601 U.S. at 292-93.

[4] 28 U.S.C. §§ 1367(c)(1)-(4). *See also Ameritox, Ltd. v. Millenium Lab'ys, Inc.*, 803 F.3d 518, 530-33 (11th Cir. 2015) (chronicling the evolution of the doctrine of supplemental jurisdiction).

[5] *See, e.g.*, *Tex. Dep't of Transp. v. Self*, 690 S.W.3d 12 (Tex. 2024) (explaining and expounding on Texas inverse condemnation caselaw).

state courts from which they were removed so that they may travel on the Supreme Court's predicate pathway, the first to do so.

As Justice Thomas observed, it is undisputed that state court judges are "bound by obligations imposed by the Constitution."[6] I am confident that our able district court will heed his observation—made for a unanimous court—and send these travelers on the Supreme Court's predicate pathway, mindful that federal law *is* state law.[7]

---

[6] *DeVillier*, 601 U.S. at 293 (quoting *Alden v. Maine*, 527 U.S. 706, 755 (1999)).

[7] *See generally Testa v. Katt*, 330 U.S. 386 (1947).